IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                              Case Nos.:  3:05cr89/LAC/EMT
                                                                           3:19cv4834/LAC/EMT

GREGORY CAMPBELL

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (ECF No. 221). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND AND ANALYSIS

On January 17, 2006, Defendant Gregory Campbell was sentenced to a term of life imprisonment after pleading guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (ECF No. 95, 136).

Judgment was entered on January 27, 2006 (ECF No. 136, 137). Defendant filed a notice of appeal but later moved to dismiss the appeal with prejudice (ECF No. 182).

In January 2007 Defendant filed a motion pursuant to 28 U.S.C. § 2255 (ECF No. 191). The court dismissed the motion without prejudice upon Defendant's motion (ECF Nos. 194–196). In May 2007 the court reduced Defendant's life sentence to a term of 240-months imprisonment pursuant to a Government motion (ECF No. 198). In 2015 Defendant unsuccessfully moved for further modification of his sentence under 18 U.S.C. § 3582(c)(2) (ECF Nos. 213, 216).

After four years of docket inactivity, Defendant has now filed another motion to vacate under 28 U.S.C. § 2255.[1] Defendant asserts as his only claim for relief that his attorney provided constitutionally ineffective assistance by "failing to file his first (direct appeal) regarding appellate and post-conviction remedies [and thereby] caused him to 'waive' his ability to later raise non-frivolous merits for the first time" (ECF No. 221 at 4). In the accompanying memorandum Defendant

---

[1] Because his initial motion was dismissed without prejudice, the instant motion is not "second or successive" within the meaning of § 2255(h).

raises myriad other complaints about counsel's performance, although he continues to focus on the alleged failure to file an appeal (*see id.* at 39–48, 71).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. As noted above, there has been no activity in Defendant's case since 2015, and none of the other subsections of § 2255(f) are applicable. His motion is facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary

circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citations omitted). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citations omitted). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones v. United States,* 304 F.3d 1035, 1040 (11th Cir. 2002). The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402–03 (5th Cir. 1999)).

Here, the narrative Defendant provides purportedly in response to the question regarding the timeliness of his motion is not helpful (*see* ECF No. 221 at 13–14). Defendant does not attempt to rely on the doctrine of equitable tolling, and no basis

for application of this doctrine is apparent from the record.  As such, his untimely motion should be summarily dismissed.[2]

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing § 2255 Proceedings.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

---

[2] As previously noted, dismissal without prejudice means only that a subsequently filed § 2255 motion would not be deemed "second or successive" (*see* fn. 2, *supra*).  It thus does not provide a means to circumvent any applicable statutes of limitations.

Case Nos.: 3:05cr89/LAC/EMT; 3:19cv4834/LAC/EMT

issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (ECF No. 221) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 11th day of December 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:05cr89/LAC/EMT; 3:19cv4834/LAC/EMT